**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

CORNELL JACKSON                                                                                            PLAINTIFF

V.                                          4:11CV00468 JMM/JTR

PULASKI COUNTY, et al.                                                                              DEFENDANTS

**ORDER**

Plaintiff, Cornell Jackson, is a pretrial detainee at the Pulaski County Detention Facility ("PCDF").  He has recently filed a *pro se*[1] § 1983 Complaint alleging that Defendants have violated his constitutional rights.  *See* docket entry #1.

**I.  Filing Fee**

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The filing fee for commencing a § 1983 action in federal court is $350. Plaintiff has neither paid the filing fee nor filed an Application to Proceed *In Forma Pauperis*.[2] If Plaintiff wishes to pursue this action, he must, within thirty days of the entry of this Order, either: (1) pay the $350 filing fee in full; or (2) file a properly completed Application to Proceed *In Forma Pauperis,* along with a properly completed prisoner calculation sheet.[3]

## II. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims

---

[2] The Prison Litigation Reform Act ("PLRA") provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

[3] Plaintiff must sign the Application to Proceed *In Forma Pauperis*. In contrast, the prisoner calculation sheet must be completed and signed by an authorized PCDF official.

that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In his Complaint, Plaintiff alleges that, on April 17, 2011, unspecified individuals at the PCDF used excessive force against him. *See* docket entry #1. Plaintiff also alleges that his unspecified "Fifth Amendment rights" were violated by unnamed individuals. *Id.* at 4. The Court needs further information in order to complete the screening process mandated by § 1915A.

Thus, Plaintiff shall file, within thirty days of the entry of this Order, an Amended Complaint clarifying: (1) who used excessive force against him; (2) how his Fifth Amendment rights were violated, and who did so; and (3) how *each* of the four Defendants personally participated in *each* of the constitutional violations.[4]

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to send Plaintiff an Application to Proceed *In Forma Pauperis* along with a prison calculation sheet.

2. Plaintiff shall, **within thirty days of the entry of this Order**, either: (a)

---

[4] Those four Defendants are Pulaski County, Sergeant Bangs, Deputy Oneal, and Deputy Mundy.

pay the $350 filing fee in full; or (b) file a properly completed Application to Proceed *In Forma Pauperis,* along with a properly completed prisoner calculation sheet.

    3.    Plaintiff shall file, **within thirty days of the entry of this Order**, an Amended Complaint containing the information specified herein.

    4.    Plaintiff is reminded that the failure to timely and properly comply with any portion of this Order will result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).

    Dated this 21st day of June, 2011.

_____
UNITED STATES MAGISTRATE JUDGE